IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERRY LYNN GILMORE**                                                                      **PETITIONER**

v.                                                                  CIVIL ACTION NO.: 2:21-cv-96-KS-MTP

**SHERIFF JOE BERLIN**                                                                      **RESPONDENT**

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Jerry Lynn Gilmore's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 and the Respondent's Motion to Dismiss [13]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion to Dismiss [13] be granted, the Petition [1] be denied, and this matter be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

Gilmore is a pre-trial detainee currently under indictment for grand larceny and is housed at the Jones County Detention Facility. *See* [13-17]). On October 8, 2018, Gilmore was arrested for grand larceny. *See* [13-7]. On May 3, 2019, he was formally indicted by the grand jury in Jones County Circuit Court. *See* [13-9] at 2.

Trial began on November 14, 2019. Gilmore elected to represent himself, but defense counsel was to "remain available to [Gilmore] throughout the entirety of the trial." [13-13] at 1. After Gilmore's opening statement, the State moved for him to undergo a psychiatric examination. *Id*. On the same day, the court entered an Order for Psychiatric Examination, directing Gilmore to be examined by Dr. Beverly Smallwood to determine, among other things, whether Gilmore is competent to stand trial. ([13-14]).

1

On January 19, 2021, Dr. Beverly Smallwood filed her report. ([13-17]). The circuit court reviewed the report and explained that Gilmore "is presently mentally incompetent to stand trial and does therefore order that [Gilmore] shall be committed to the Mississippi State Hospital at Whitfield pursuant to MRCP 12.5(d)…." *See* [13-17]. The circuit court further ordered:

> (2) If, within a reasonable period of time after entry of the commitment order and the subsequent commitment of [Gilmore] to the Mississippi State Hospital at Whitfield as an inpatient, there is neither a determination that there is a substantial probability that [Gilmore] will become competent to stand trial nor progress toward competency, the [circuit c]ourt shall be advised by the Mississippi State Hospital at Whitfield of such determination. At that point, the [circuit c]ourt shall order civil proceedings as provided in Miss. Code Ann. § 41-21-61 et. seq. to be instituted. During that time, [Gilmore] shall remain in custody until a determination of the civil proceedings.
>
> (3) However, if at any time during such commitment to the Mississippi State Hospital at Whitfield, the proper officials at the Mississippi State Hospital at Whitfield shall consider that [Gilmore] is competent to stand trial, such officials shall notify the [circuit c]ourt of that affect in writing and [Gilmore] shall then be placed in the custody of the Sheriff of Jones County. The [circuit c]ourt shall then proceed to conduct a hearing on the competency of [Gilmore] to stand trial. If the [circuit c]ourt finds [Gilmore] competent to stand trial, then the case shall proceed to trial. If the [circuit c]ourt finds [Gilmore] is not competent to stand trial, then it shall order the commencement of civil commitment proceedings as set forth above.

*Id*.

Gilmore remained in custody at the Jones County Detention Facility awaiting transfer to the Mississippi State Hospital at Whitfield. On January 3, 2022, the Court entered an Order for Updated Psychiatric Evaluation to be completed by Dr. Criss Lott. *See* ([18-1]). On March 14, 2022, Dr. Lott reported that Gilmore "does not have the sufficient present ability to confer with his attorney with a reasonable degree of rational understanding." ([18-1] at 30). The circuit court reviewed the assessment from Dr. Lott and then renewed its previous order directing "[t]he Jones County Sheriff or his lawful Deputy shall transport the [Petitioner], upon notification and direction from the Mississippi State Hospital at Whitfield that the appropriate professionals there

are ready to commence the evaluation/treatment of the [Gilmore] as herein ordered." *See* [18-1] at 33-37.

Gilmore remains in custody at the Jones County Detention Facility awaiting transfer to the Mississippi State Hospital at Whitfield. On July 12, 2021, Gilmore filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 [1]. Gilmore raises the following grounds for relief and supporting facts (as stated by the *pro se* Petitioner):

1. Exemption. By the Old English Law of 1215 only due to Westminister I, Free hold ESTATE Magna Carta I, "London-city" United Kingdom realm; by incorporeal ESTATE.

2. Status; The Crown. Ranked King earl by Wesminister I 1215 Old English law; presented in the motion for dismissal, Magna Carta I (Succession). CONSTITUTION U.S. FREE PERSON; PERSONAL RECOGNIZANCE MANDATORY REQUIREMENT FROM EXEMPTION. I am not a sufferer of a community by employment but a sovereign by succession.

3. Formerly "Affiliated" upon exhaustion of the 2241 Habeas Corpus. The federal Moonish Science Temple of America Estateship for lordship. I became a member in 2008 by Grand Shiekh Mkil Bey. The Jones County law enforcement officials and court officials are bias towards the templeship. I have proof affidavit showing membership on the Jones County Circuit Court File and a letter from the public defender and trainee, Mr. Michael Mitchell, Mr. Cruz Gray showing disapproval and bias toward the M.S.T.A. ORG. The reason why a false allegation of grand larceny was made. I acted in good faith by the Temple pamphlet instruction to obey all ordinance.

4. Just. I acted in good faith by the instruction pamphlet for the Moorish Science Temple of America; Holy Koran by Honorable T. Drew Ali.

As relief, Gilmore seeks dismissal of the grand larceny charge and "expungement of [his] records." [1] at 8.

In the Motion to Dismiss, Respondent argues that the Petition should be dismissed for failure to state a claim available under 28 U.S.C. § 2241 or for failure to exhaust available state court remedies. Gilmore filed his Response [16], and Respondent replied. This matter is now ripe for review.

## ANALYSIS

*Limits of §2241 Habeas Relief for Pretrial Detainees*

Gilmore's Petition [1] is mostly indiscernible. However, liberally construing the Petition,[1] Gilmore appears to be asserting his innocence and asserting the affirmative defense that he committed the offense on behalf of someone else.

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). While a pre-trial prisoner has the right to seek federal habeas relief, the availability of such relief is not without limits. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Federal habeas relief is not available to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. A pre-trial prisoner who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

As Gilmore seeks only to disrupt or prevent the state's prosecution of him, no federal intervention is warranted under § 2241 unless he can show that "special circumstances" exist. As Gilmore has not plead special circumstances that entitle him to relief, and any threat to his

---

[1] Courts give "a liberal construction to *pro se* habeas corpus pleadings." *McCloud v. Wainwright*, 508 F.2d 853, 854 n.2 (5th Cir. 1975).

federally protected rights can be eliminated during a trial on the merits, this Court cannot review his claims prior to his trial in state court. Accordingly, federal habeas relief is not available on this ground. *See Braden*, 410 U.S. at 489.

***Pending Criminal Charge***

In a prior Order [11], the Court interpreted Gilmore's claims to allege that "he is being unlawfully incarcerated without a pending criminal charge or conviction." *See* [11] at 2. However, there is no merit to this claim as evidenced by the felony indictment for grand larceny and state court record. *See* [13-9]; [13-7]; [18-1].

***Speedy Trial***

To the extent that Gilmore's pleadings can be construed as a request to enforce his right to a speedy trial, his claim is not cognizable.[2] For relief, Gilmore seeks only dismissal of the state criminal charge, and such relief is not available under §2241 for a violation of the right to a speedy trial. Accordingly, Gilmore has failed to state a claim upon which relief may be granted and is not entitled to habeas relief.[3] *See, e.g., McNeil v. Mason*, 2020 WL 898513 (S.D. Miss. Jan. 29, 2020)("[R]elief under § 2241 is not available where…the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial."); *Reed v. Sollie*, 2020 WL 2373765 (S.D. Miss. Apr. 14, 2020); *Houston v. Sollie*, 2018 WL 3203604 (S.D. Miss. May 29, 2018); *Nichols v. Director*, 2016 WL 1130277 (E.D. Tex. Feb. 29, 2016); *Brown v. Lewis*, 2013 WL 4678594 (S.D. Miss. Aug. 30, 2013).

---

[2] While his Petition does not mention a speedy trial right, in his Response [16] to the Motion to Dismiss, Gilmore references the Sixth Amendment. Out of an abundance of caution, the Court will address the merits of this claim.

[3] Respondent also argues that Gilmore has failed to exhaust his available state court remedies. However, as the undersigned has recommended dismissal of the Petition [1] on other grounds, it is unnecessary to examine whether the claims are exhausted.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that:

1. The Motion to Dismiss [13] be GRANTED;

2. the Petition for Writ of Habeas Corpus [1] be DENIED; and

3. This action be DISMISSED with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 3rd day of November, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
